**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **NOE PEREZ LOPEZ** | **CIVIL ACTION NO. 26-2216** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN RIVER CORRECTIONAL CENTER, ET AL.** | **MAG. JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Petitioner Noe Perez Lopez, a detainee in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE"), petitions for a writ of habeas corpus under 28 U.S.C. § 2241.[1] Respondents oppose the petition. [doc. # 6]. For reasons below, the Court should, as explained below, grant the petition in part on the basis of Petitioner's statutory claim.

## Background

Petitioner is a citizen of Mexico. He entered the United States of America without inspection on approximately March 20, 2008. [doc. # 1, p. 10]. "After his entry, Petitioner established residence in West Columbia, South Carolina, where he

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

has lived and worked for approximately eighteen years. He is a skilled roofer who has performed subcontracting work in Alabama and the surrounding region for approximately six to seven years. Petitioner resides with his wife and their three United States citizen children, ages 21, 18, and 12. His youngest child suffers from diabetes and depression. Petitioner is the family's sole financial provider and owns a home in South Carolina." *Id.* at 12. He "has no criminal convictions, and has no history of violence or failure to appear." *Id.* at 14.

ICE detained Petitioner on approximately June 11, 2026. [doc. # 1, p. 13]. Petitioner filed this proceeding on June 25, 2026. [doc. # 1]. He first claims: "ICE officers arrested Petitioner in the interior of the United States on or about June 11, 2026, following a pretextual traffic stop of the vehicle in which Petitioner was a passenger in Loxley, Alabama. No civil immigration warrant was obtained prior to Petitioner's arrest." *Id.* at 27. He argues: "Respondents were required either to proceed by valid civil immigration warrant or to satisfy the narrow statutory prerequisites for a warrantless civil immigration arrest. They did neither." *Id.*

Petitioner next claims that Respondents "failed to provide Petitioner any prompt individualized custody determination." [doc. # 1, p. 32]. He states, "No neutral decisionmaker has found that Petitioner is a danger or flight risk, and no bond hearing has been provided." *Id.* Finally, Petitioner claims that he is not receiving insulin for his diabetes. [doc. # 1, p. 33].

Respondents opposed the petition on August 4, 2026. [doc. # 6]. Petitioner replied on August 18, 2026. [doc. # 8].

## Law and Analysis

Petitioner is detained under 8 U.S.C. § 1226 because ICE arrested him under a warrant.

Section 1226(a)-(b) provides:

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—
>
> > (1) may continue to detain the arrested alien; and
> >
> > (2) may release the alien on—
> >
> > > (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
> > >
> > > (B) conditional parole; but
> >
> > (3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.
>
> (b) Revocation of bond or parole

> The Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien.

8 U.S.C. § 1231(a)-(b) (emphasis added).

In *Moreno Madrid v. Brian Acuna, et al.*, 3:25-cv-1572 at Doc. 19 (W.D. La. December 12, 2025), District Judge Terry A. Doughty opined: "Petitioner in this case has provided proof of arrest warrant [sic] and Respondents do not contest the warrant's authenticity. As Petitioner has satisfied the 'one express requirement' for her detention to fall within 8 U.S.C. § 1226(a), the Court finds that 8 U.S.C. § 1226 should apply instead."

In *de Leon v. Ladwig*, No. 6:25-CV-01884, 2026 WL 19095, at *5 (W.D. La. Jan. 2, 2026), District Judge David C. Joseph noted: "Petitioners do not allege that they were arrested on a warrant issued under § 1226(a), further indicating that Petitioners are properly detained under § 1225(b), not § 1226(a)."

Other district courts across the country agree that when a petitioner is arrested under a warrant, she is detained under Section 1226. *See Mendoza-Menjivar v. Bondi*, No. 1:25-CV-2060-DAE, 2026 WL 89964, at *4 (W.D. Tex. Jan. 12, 2026) ("Section 1226(a) applies to noncitizens arrested and detained '[o]n a warrant issued by the Attorney General[.]'"); *Castellano v. Blanche*, No. 26-CV-112-WMC, 2026 WL 1493778, at *1 (W.D. Wis. May 28, 2026) ("In contrast, 8 U.S.C. § 1226(a) governs detention of any noncitizen who is arrested on a warrant issued by the

Attorney General while 'already in the country.'"); *Hurtado-Medina v. Raycraft*, No. 25-CV-13248, 2025 WL 3268896, at *1 (E.D. Mich. Nov. 24, 2025) ("The Court agrees with Petitioners. Their circumstances fall within the plain language of Section 1226(a): they were arrested and are being detained under warrants issued by federal law enforcement officers acting pursuant to the authority of the Attorney General. They are therefore entitled to a bond hearing under Section 1226(a)."); *Alcantara Guerrero v. Wesling*, No. 1:26-CV-10928-JEK, 2026 WL 931503, at *1 (D. Mass. Apr. 6, 2026); *Sidqui v. Almodovar*, No. 25-CV-9349 (VSB), 2026 WL 251929, at *11 (S.D.N.Y. Jan. 30, 2026).

Here, ICE detained Petitioner under "an I-200 Warrant of Arrest" before he "was taken into custody and transported . . . for processing." [doc. # 6-2, p. 3]. Because it arrested him under a "warrant issued by the Attorney General," Petitioner is detained under Section 1226.

Of note, the Fifth Circuit Court of Appeals held that aliens who have not been admitted may be detained without bond hearings under 8 U.S.C. § 1225(b)(2)(A) even when they have been present in the United States for many years. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026). In reaching its conclusion, the court analyzed the meaning of "seeking admission" and "applicants for admission" in 8 U.S.C. § 1225. *Id.* The court concluded that "applicants for admission," which includes all aliens who have not previously been admitted to the United States, are

necessarily "seeking admission" and, therefore, subject to mandatory detention under § 1225(b)(2)(A). *Id.*

In *Buenrostro-Mendez*, however, the petitioners were not arrested under warrants. *Buenrostro-Mendez v. Bondi*, 2025 WL 2886346, at n.2 (S.D. Tex. Oct. 7, 2025), *rev'd and remanded,* 166 F.4th 494 (5th Cir. 2026) (noting that Buenrostro was not arrested with a warrant). The Fifth Circuit did, however, recognize that Section 1226 applies "'[o]n a warrant issued by the Attorney General . . . .'" *Buenrostro-Mendez*, 166 F.4th at 499.

Because Petitioner is detained under Section 1226(a), he is entitled to a bond hearing before a neutral decisionmaker. Section 1226(a)(2)(A) plainly permits the Attorney General "to release detained aliens on" bond. *Buenrostro-Mendez*, 166 F.4th at 499.

## Recommendation[2]

For reasons above, **IT IS RECOMMENDED** that Petitioner Noe Perez Lopez's petition be **GRANTED** on the basis of his claim that he is detained under 8 U.S.C. § 1226. Respondents shall, within **ten (10) days**, reclassify Petitioner as detained under 8 U.S.C. § 1226(a) and afford Petitioner a bond hearing before an immigration judge where the immigration judge must order Petitioner's release on

---

[2] The undersigned finds no need to address any claim or request for relief not addressed herein.

bond if he or she determines that the Government has not carried its burden of proving that Petitioner poses a flight risk or a danger to the community. Respondents shall provide Petitioner adequate notice of the hearing. The parties shall file a joint status report within 48 hours after the hearing, confirming that the hearing was conducted and notifying the Court whether Petitioner was granted bond and released or, if his request for bond was denied, providing the reasons for that denial.

**IT IS FURTHER RECOMMENDED** that if Respondents do not provide the hearing above within ten (10) days, Respondents shall release Petitioner from custody under reasonable conditions of supervision if necessary.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the**

**District Court, except upon grounds of plain error.** ***See Douglass v. United Services Automobile Association*****, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Lafayette, Louisiana, this 26th day of August, 2026.

Carol B. Whitehurst
United States Magistrate Judge